UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH EARL,

    Plaintiff,

v.

                                                           CASE NO:  8:11-cv-648-T-26MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Pending before the Court is the *pro se* Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 in which he accuses trial counsel of several instances of rendering ineffective assistance of counsel, including failing to file an appeal. It has been this Court's experience that such a claim for relief always requires an evidentiary hearing at which an incarcerated defendant must be brought before the Court at considerable expense and inconvenience to the United States Marshal Service,[1] as well as to the United States Attorney's Office, which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing. Additionally, in light of the Eleventh Circuit's opinion in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the fact that Plaintiff executed a written plea

---

[1] In this case, Plaintiff would have to be transported from FCI Williamsburg located in Salters, South Carolina.

agreement containing a provision in which he waived his right to appeal and collaterally challenge his sentence in the underlying criminal case,[2] does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.  Finally, in light of the thorough and comprehensive inquiry this Court always undertakes with all defendants with regard to the standard waiver of appeal provision contained in Plaintiff's plea agreement, the Court is confident that any direct appeal pursued by Plaintiff will result in a dismissal of that appeal pursuant to United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997).[3]

In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion but only to the extent that Plaintiff will be afforded an out-of-time appeal pursued by appointed counsel.  In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).[4]  The Court emphasizes that this determination to grant

---

[2]  See case number 8:09-cr-545-T-26MAP, docket 15.          .

[3]  See, e.g., United States v. Bellot, case number 8:08-cr-412-T-26MAP, docket 148 (order from Eleventh Circuit Court of Appeals dismissing belated appeal granted to defendant in case number 8:10-cv-583-T-26MAP at docket 2 based on valid appeal waiver contained in plea agreement).

[4]  The Court notes that United States District Judge Elizabeth A. Kovachevich has followed this same procedure in the following cases without requiring a response from the Government: 09-cv-137, 09-cv-1373, and 09-cv-1897.  Additionally, this Court has

Plaintiff a belated appeal in his related criminal case is only made in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in her representation of Plaintiff in the prior criminal proceedings.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion to Vacate (Dkt. 1) is granted but only to the extent that Plaintiff may file a belated appeal in the related criminal case.

2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3) The clerk is directed to enter judgment for Plaintiff and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on March 30, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*

---

followed the same procedure in 10-cv-583.